[Crim. No. 5024. Fourth Dist., Div. One. June 16, 1972.]

THE PEOPLE, Plaintiff and Respondent, v.
RAMON RAMOS, Defendant and Appellant.

**COUNSEL**

Norbert Ehrenfreund, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Herbert L. Ashby, Chief Assistant Attorney General, William E. James, Assistant Attorney General, Mark L. Christiansen and Derald E. Granberg, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BROWN (Gerald), P. J.**—Defendant Ramon Ramos appeals one judgment (order granting probation) and denial of his motion to suppress evidence under Penal Code section 1538.5 (CR-23862); and three judgments in which probation was revoked (CR-8424, CR-14336 and CR-20248).

Ramos and the district attorney made a bargain, stated on a form and approved by the court, in which Ramos pleaded guilty to possessing dangerous drugs; seven other counts were dismissed; and five prior convictions were struck. Ramos was to be credited with time already served, and was to serve no additional time on the principal charge. The court granted probation on the principal charge, but revoked probation on three of the five priors which had been struck. Ramos appeals all four cases. We reverse the four judgments on the ground the court did not follow the bargain; we affirm the denial of Ramos' motion to suppress evidence under Penal Code section 1538.5.

When the plea was entered, the court told Ramos, in accord with Penal Code section 1192.5, he had the right to withdraw his plea if the court chose not to follow the plea bargain.

At the sentencing hearing, the probation department recommended probation in the present case and continuation of probation in the three others. Ramos told the court he understood the plea bargain applied to all his cases. The court said the agreement did not say anything about the revocation matters, and it would not have accepted a plea binding on the prior cases. Proceedings were suspended under Welfare and Institutions Code section 3051.

When the hearing resumed, the deputy district attorney said he concurred in the probation department's recommendations, and specifically with the recommendation not to revoke probation in the three prior cases. After Ramos moved to withdraw the plea because the court indicated it would revoke probation, the court said the form contained the entire plea bargain and there was nothing on it binding the court as to the priors. Ramos argued the agreement covered all his cases, the principal one and the priors; he had pleaded guilty with the understanding he would receive probation on all charges. The court rejected this argument, granted probation on the present case, and sentenced Ramos to state prison for the term prescribed by law on the priors, time to run concurrently.

If a defendant pleads guilty as part of a bargain with an apparently authoritative and reliable public official and is assured of receiving

in return some special consideration, the court may not impose judgment contrary to the bargain without giving the defendant an opportunity to withdraw his guilty plea. (*People* v. *Delles,* 69 Cal.2d 906, 910 [73 Cal. Rptr. 389, 447 P.2d 629].)

■ While the court granted probation on the charge to which Ramos pleaded guilty, giving him no additional time, the fact remains the court sentenced Ramos to state prison despite Ramos' explanation he understood the agreement applied to the priors, and despite the deputy district attorney's statement he concurred in the probation department's recommendations of continuing Ramos' probation on the priors. Furthermore, the court did not tell Ramos before he entered the guilty plea his probation on the prior charges might be revoked, and he might be sentenced on them.

Under the facts of this case it is reasonable the agreement striking the priors meant there would be no penalty imposed because of them. Ramos would have had little to gain by entering the guilty plea if he were to end up in state prison anyway. In addition, having granted probation in the principal case, the court could immediately revoke it (Pen. Code, § 1203.2, subd. (a)). Because the court did not sentence Ramos in accord with the plea bargain, Ramos must be permitted to withdraw that plea. (*People* v. *Delles, supra,* 69 Cal.2d 906, 910; Pen. Code, § 1192.5; cf. *People* v. *Flores,* 6 Cal.3d 305 [98 Cal.Rptr. 822, 491 P.2d 406].)

■ The idea behind court participation in plea bargaining is to spread the entire bargain on the table and make it a part of the record (*People* v. *West,* 3 Cal.3d 595, 610 [91 Cal.Rptr. 385, 477 P.2d 409]). Implicit in the concept is the requirement all participants must conduct themselves openly and with the utmost fairness. If the court was of the opinion Ramos was not entitled to remain on probation, it should have rejected the bargain and permitted him to withdraw his guilty plea. To give lip service to the bargain by granting probation in the principal case and then revoke probation in the prior cases does not meet the required standard.

Ramos' motion to suppress evidence was properly denied.

On April 26, 1971, a male wearing a black sweater was seen walking away from a car involved in a hit-and-run accident in National City. Officer DeLucia, on his way to the scene of the accident one-half hour later, saw Ramos, wearing a black sweater, in a telephone booth four blocks from the scene. DeLucia asked Ramos if he knew of a recent accident. Ramos replied he had been there, but knew nothing about it. DeLucia told Ramos he "was going to have to take him back down there," but he was not arresting him. Ramos "kind of agreed along with that."

DeLucia, following department policy, patted Ramos down, found a switchblade knife, and arrested him. Ramos swallowed a plastic bag, secreted Seconal capsules in the police car, and possessed Secobarbital when he was booked. He admitted taking heroin and Seconal that day; narcotic paraphernalia was found in the accident car.

Ramos claims he was unlawfully detained. ■ Not all police contacts are detentions (*Batts* v. *Superior Court*, 23 Cal.App.3d 435, 439 [100 Cal.Rptr. 181]).

■ When DeLucia saw the black-sweatered Ramos, he was performing his duty as a policeman to investigate whether Ramos was a witness to the hit-and-run accident. DeLucia asked him a general question and rationally suspected after Ramos answered, he was the passenger who left the vehicle. DeLucia's requiring Ramos to go with him to the scene for more investigation was reasonable. The patdown of Ramos before he was put in the police car was a sensible precaution. *People* v. *Superior Court (Simon)* 7 Cal.3d 186 [101 Cal.Rptr. 837, 496 P.2d 1205], does not dictate to the contrary. Ramos was not handcuffed; policemen have been attacked and killed by back seat passengers with concealed guns and knives. DeLucia's arrest of Ramos after he found a switchblade knife was lawful.

In CR-23862, the probation order is vacated. The orders revoking probation in CR-8424, CR-20248 and CR-14336 are also set aside.

We reverse also the judgments imposing sentence in the three cases in which probation was revoked; in doing so we do not hold there was not cause for revocation independent of the guilty plea in case CR-23862; but do so to leave the trial court unhampered in its decision whether to permit withdrawal of the plea of guilty in CR-23862 or to grant probation not subject to almost immediate revocation under Penal Code section 1203.2, subdivision (a) which would result if probation were to be revoked in any of the other three cases. All matters are remanded and the court is directed to either grant probation in CR-23862 and continue probation in CR-8424, CR-20248 and CR-14336 or to allow Ramos to withdraw his plea of guilty. Our determination the court correctly denied Ramos' motion to suppress evidence shall be law of the case.

Whelan, J., and Ault, J., concurred.

A petition for a rehearing was denied June 30, 1972, and respondent's petition for a hearing by the Supreme Court was denied August 9, 1972.