[Crim. No. 24960. Second Dist., Div. Three. Mar. 28, 1975.]

THE PEOPLE, Plaintiff and Appellant, v.
CHARLES RONALD ALLEN, Defendant and Respondent.

584

## COUNSEL

Joseph P. Busch, District Attorney, Harry B. Sondheim and Donald J. Kaplan, Deputy District Attorneys, for Plaintiff and Appellant.

Richard S. Buckley, Public Defender, Harold E. Shabo, Henry Bastien, Carl Kandel, Holly Graham and Ronald B. Davey, Deputy Public Defenders, for Defendant and Respondent.

## OPINION

**POTTER, Acting P. J.**—The convictions involved in this case originated in two multiple-count informations, each naming multiple defendants. In No. A 514105, Charles Ronald Allen ("defendant") was charged with selling, furnishing and giving away marijuana, a violation of former section 11531 of the Health and Safety Code (count I), possession of marijuana for sale (Health & Saf. Code, former § 11530.5; count II), and conspiracy to violate former section 11531 (Pen. Code, § 182; count III). In No. A 513745, defendant was named in count IV only, and charged with selling, furnishing and giving away "a restricted dangerous drug in the nature of an amphetamine" (Health & Saf. Code, former § 11912).

Disposition of the charges against defendant was in accordance with a plea bargain. At the time of trial, the prosecutor explained to defendant

that in a discussion among the judge, the prosecutor and defendant's attorney, the prosecutor had stated that if defendant entered pleas of guilty or nolo contendere on three of the four pending counts (all but the conspiracy count), the prosecutor would recommend to the court: (a) that the conspiracy count be dismissed in the interest of justice, and (b) that with respect to the other three counts, defendant be "placed on lengthy probation." It was further explained that a recommended condition of probation would be that in each of the three cases defendant spend one year in county jail (i.e., defendant would serve three consecutive one-year terms). The court then questioned the prosecutor as follows:

"THE COURT: Is this [No. A 513745] different than the other two counts of the other Information?

"MR. ANDERSON: Yes. This is a separate case under a—

"THE COURT: But this is only to be a District Attorney recommendation. I thought the others were firm. Am I mistaken?

"MR. ANDERSON: Well, yes. Everything is firm, as far as my recommendations go, your Honor.

"THE COURT: Is that the way you Wested[1] the matter in the other one? I apparently wasn't listening.

"MR. ANDERSON: Well, yes. I indicated that I would make recommendations to the Court that there would be—

"THE COURT: I thought you indicated at that time that he would spend these years.

"MR. ANDERSON: I did. That I would—

"THE COURT: There is a difference, Mr. Anderson. I just want to know what we're talking about here now. With—

"MR. ANDERSON: I did say I would make that recommendation, implying that if the Court did anything less, he would be able to withdraw his plea. But we can make that firm.

[1]The reference is undoubtedly to *People* v. *West*, 3 Cal.3d 595 [91 Cal.Rptr. 385, 477 P.2d 409].

"THE COURT: I want the record to reflect the fact that I've thought, up to the moment, that this was a firm plea bargain for three consecutive years on two cases between People and defendant. That was my impression.

"MR. ANDERSON: That is correct, your Honor.

"MR. BASTIEN: It is, your Honor. In other words, we are not going to be allowed to come in here at the time of P and S and argue for less time.

"THE COURT: So let's West it that way.

"MR. ANDERSON: Very well."

The prosecutor also explained the terms of the bargain to defendant and, as to the consecutive one-year terms, told him that if he entered the pleas specified in the bargain "the Court will not sentence you to anything less or anything more, unless there is a subsequent violation of probation."

Defendant pleaded nolo contendere in No. A 513745 and to count I in No. A 514105, and guilty to count II in No. A 514105. The court accepted defendant's pleas and ultimately granted defendant probation as per the terms of the agreement: proceedings were suspended and six years' probation granted, with the three consecutive one-year terms as one of the conditions. The conspiracy count (count III in No. A 514105) was dismissed in the furtherance of justice, on motion of the People.

In succeeding months, the court received from defendant and his wife several applications for modification of probation. Approximately 11 months after the initial granting of probation, the matter of modification was discussed in the absence of defendant and his counsel. The court stated that as a result of several applications for modification and a supplementary report ordered in response thereto, ". . . this Court discussed the matter with Dr. Barnhill at Wayside Honor Rancho, and Dr. Barnhill at that time had indicated that he was a model prisoner.

"And it then developed that Dr. Barnhill was somewhat interested —and I think I'm stating all these things correctly—in the possibility of encouraging Allen to complete his high school education, and wondered at that time if the Court would be willing to calendar modification proceedings should the man do so.

"And yesterday we received a call from Dr. Barnhill to the effect that Allen had completed four social studies courses and GED course, very successfully, and was now a graduate of the Golden Oak Adult High School in the Hart High School District."

Modification was calendared, and one month thereafter—one year after the granting of probation—a modification was granted: one of the one-year jail terms (No. A 513745) was reduced to nine months. This was done despite the opposition of the People, who argued that the court was impermissibly altering the plea bargain. The People submitted that the court was a party to what could be viewed as a contract, and that if the court did not wish to adhere to the terms of the bargain it should have rejected the bargain. The deputy district attorney stated: "We do not disagree that the Courts have power to modify probation grants. However, of recent years the Courts have become involved in—with prosecutors and defense counsels—in this thing called plea bargaining, which often includes subjects of sentence bargaining.

"While under Tenorio and Escobar, the Legislature cannot take away on its own the great discretionary powers of the Courts of this State, I think the Court did bargain away some of its discretionary powers. And in effect that's what the Court does when it accepts a plea bargain in which a sentence, a definite sentence becomes part of that plea, a definite term of commitment as a condition of probation becomes part of that plea."

After the modification was granted, the People moved unsuccessfully "to reinstate counts [*sic*] dismissed in A 514105."

The People appeal from the order modifying the condition of probation. The appeal lies. (Pen. Code, § 1238, subd. (5).)[2]

*The Trial Court Did Not Surrender Its*
*Inherent Power to Modify the Terms of*
*Probation*

■ By statute, the court may modify the terms of a defendant's probation (in his favor) whenever "the ends of justice will be subserved thereby": "The court shall have authority *at any time* during the term of

---

[2]The People also assert that "at the very least" they "should be allowed to reinstate the charge they dismissed because of the pleas." As no argument is addressed to this point, we will deal solely with the other stated ground for the appeal.

probation to revoke, modify, or change its order of suspension of imposition or execution of sentence. It may *at any time when the ends of justice will be subserved thereby,* and when the good conduct and reform of the person so held on probation shall warrant it, terminate the period of probation and discharge the person so held, but no such order shall be made without written notice first given by the court or the clerk thereof to the proper probation officer of the intention to revoke, modify, or change its order, and in all cases, if the court has not seen fit to revoke the order of probation and impose sentence or pronounce judgment, the defendant shall at the end of the term of probation or any extension thereof, be by the court discharged subject to the provisions of these sections." (Italics added.) (Pen. Code, § 1203.3.) This clear statutory power is wholly consistent with the purpose of probation: " 'The purpose of probation is rehabilitation; and the considerations which influence the granting of it are stated only in the most general terms: "If the court shall determine that there are circumstances in mitigation of punishment prescribed by law, or that the ends of justice would be subserved by granting probation to the defendant, that court shall have power in its discretion to place the defendant on probation . . ." (P.C., 1203.)[3] (See also *People* v. *Johnson* (1955) 134 C.A.2d 140, 143 [285 P.2d 74] . . .; *People* v. *Cortez* (1962) 199 C.A.2d 839, 844, 19 C.R. 50 ["Probation is granted to the end that a defendant may rehabilitate himself, make a responsible citizen out of himself and be obedient to the law"].' " (*In re Peeler,* 266 Cal.App.2d 483, 488-489 [72 Cal.Rptr. 254].)

The susceptibility of any probation order to modification is well established and of vital importance to the purpose of this alternative to sentencing. Implicit, therefore, in any plea bargain determining conditions of probation is the possibility that probation may later be modified, revoked, or terminated, in accordance with section 1203.3 of the Penal Code.

The plea bargain and the rest of the record herein disclose no intent to the contrary.  ■  In view of the importance of the court's power of modification, no plea bargain can be construed as calling for the abdication of that power without express language making it a condition of the prosecutor's approval and permitting the prosecution to require the entire bargain be withdrawn in the event the court should decline to accept such limitation.[4] (Pen. Code, § 1192.5.)  ■  The above quoted

---

[3]Section 1203, as rewritten since the *Peeler* case, contains the same provision in almost the same language.

[4]Even if there were such express language approved by the court, it would be of doubtful effect, as we explain *infra.*

statements of the court and of the prosecutor contained no suggestion that the court was called upon to surrender its inherent power subsequently to modify probation if conditions warranted.[5]

Therefore, the court complied with the statutory requirement that, having approved the plea, it "may not proceed as to such plea other than as specified in the plea." (Pen. Code, § 1192.5.) Defendant received probation under the precise conditions "specified in the plea," and to the extent that the analogy of a plea bargain to a contract with the court is apt, the court fulfilled its responsibilities.

■ We note, however, that even if there had been such an express agreement that probation could not be modified, its validity would be extremely doubtful.

A court is prohibited from giving a defendant a sentence more severe than that bargained for (Pen. Code, § 1192.5; *People* v. *West, supra,* 3 Cal.3d at pp. 607-608); on the other hand, having granted probation, the court can immediately revoke it on any ground stated in Penal Code section 1203.2, subdivision (a). (*People* v. *Ramos,* 26 Cal.App.3d 108, 111 [102 Cal.Rptr. 502].)[6] If defendant violated probation, he could be sentenced accordingly (Pen. Code, §§ 1203.1, 1203.2, 1203.3; *People* v. *Ruelas,* 30 Cal.App.3d 71, 74 [106 Cal.Rptr. 132]; see *People* v. *Hayko,* 7 Cal.App.3d 604, 610 [86 Cal.Rptr. 726]) notwithstanding the terms of any plea bargain. Thus despite *West,* post-judgment modification of probation can make the ultimate disposition of the case more onerous to defendant than originally bargained for.

So despite the fact that the defendant, by a plea bargain, can "specify the exercise of the court's power to grant probation or suspend sentence" (*People* v. *West, supra,* 3 Cal.3d at p. 607), the court's power to make adverse post-judgment adjustments is unaffected. Conversely, if the prosecutor can bargain for minimum conditions of probation, the court may also make post-judgment adjustments favoring the probationer.

---

[5]The prosecutor's statement to defendant that he would not be sentenced to "anything less or anything more [than the consecutive one-year terms], unless there is a subsequent violation of probation" was cited by the People in oral argument as evidence that the court was surrendering its power of modification. But the statement, like the other recited terms of the bargain, does not support this conclusion. The "unless . . ." clause obviously modifies only the phrase "anything more," since it is the immediate antecedent and since it is patent that a violation could not result in a lesser term.

[6]Of course, the procedural requirements of *People* v. *Vickers,* 8 Cal.3d 451 [105 Cal.Rptr. 305, 503 P.2d 1313], decided subsequent to *Ramos,* would obtain.

Penal Code section 1203.3 and the rehabilitative purpose of probation make the post-judgment status of a probationer a matter for the exclusive exercise of judicial power. In addition, the decision to grant probation is a judicial act (*People* v. *Superior Court (On Tai Ho)* 11 Cal.3d 59, 66 [113 Cal.Rptr. 21, 520 P.2d 405]), the exercise of which "cannot constitutionally be subordinated to a veto of the prosecutor." (*Id.* at p. 65.) In harmony with this principle, our Supreme Court has declared invalid, as violative of the constitutional separation of powers, statutes (1) prohibiting the court from striking allegations of prior convictions except on motion of the district attorney (*People* v. *Tenorio,* 3 Cal.3d 89 [89 Cal.Rptr. 249, 473 P.2d 993]); (2) requiring the consent of the prosecutor before trying certain charges as misdemeanors (*Esteybar* v. *Municipal Court,* 5 Cal.3d 119 [95 Cal.Rptr. 524, 485 P.2d 1140]); and (3) requiring the concurrence of the district attorney in order to make certain persons eligible for a narcotics treatment program (*People* v. *Navarro,* 7 Cal.3d 248 [102 Cal.Rptr. 137, 497 P.2d 481]). (See also *People* v. *Clay,* 18 Cal.App.3d 964 [96 Cal.Rptr. 213].) A judge cannot be required to bargain for retention of his independent judicial power. (*Esteybar* v. *Municipal Court, supra,* 5 Cal.3d at p. 125; *People* v. *Tenorio, supra,* 3 Cal.3d at p. 94.)

The order modifying the condition of probation is affirmed.

Allport, J., and Dell, J.,* concurred.

A petition for a rehearing was denied April 17, 1975, and appellant's petition for a hearing by the Supreme Court was denied May 22, 1975.

---

*Assigned by the Chairman of the Judicial Council.