Opinion
 

 WHITE, P. J.
 

 Petitioner challenges two Humboldt County Superior Court orders. The first revoked a stay of execution of his sentence for violation of Health and Safety Code section 11350. The second denied his motion to reinstate the stay or to permit him to withdraw his plea of guilty.
 

 One condition bargained for by petitioner when he entered his plea of guilty, and accepted by the trial court at sentencing, was that the sentence imposed would be stayed pending resolution of petitioner’s appeal. Petitioner was sentenced to March 1, 1979, to two years, with a stay as agreed. On March 6, 1979, he filed his notice of appeal, seeking to challenge denial of his Penal Code section 1538.5 motion.
 

 Two felonies were subsequently charged against petitioner (receiving stolen property and possession of a sawed-off shotgun), and on March 29, 1979, the district attorney moved to revoke the stay. On April 4, 1979, the motion was granted and petitioner was committed to the Department of Corrections. Petitioner moved to withdraw his guilty plea or to reinstate the stay, but his motion was denied May 2, 1979. This writ petition followed.
 

 The petition challenges both trial court orders and seeks the alternative remedies of reinstatement of the stay or permission to withdraw the guilty plea, though petitioner expresses a preference for the former remedy. We agree with the Attorney General that because filing of the notice of appeal preceded both challenged orders, the trial court’s
 
 *185
 
 jurisdiction extended only to granting or revoking the stay of execution of sentence. Petitioner’s motion to withdraw his plea could not have been properly granted because of the general rule that “once an appeal has been taken from a judgment of conviction, the trial court is without jurisdiction to vacate the judgment. [Citations.]”
 
 (People
 
 v.
 
 Haynes
 
 (1969) 270 Cal.App.2d 318, 321 [75 Cal.Rptr. 800]).
 

 We reject the Attorney General’s suggestion that petitioner’s remedy is by appeal. If the trial court erred in revoking its stay of execution, it will benefit petitioner little to discover that fact after the appeal process has been exhausted. The effect of waiting in prison for a decision on any appeal from the order revoking the stay would likely be the same as would have resulted had petitioner never bargained for the stay. Without the bargain, petitioner would have remained in custody during the pendency of his appeal from judgment of conviction unless he was granted bail.
 

 This petition is controlled by the principles stated in
 
 People
 
 v.
 
 Delles
 
 (1968) 69 Cal.2d 906, 910 [73 Cal.Rptr. 389, 447 P.2d 629]: “If a defendant pleads guilty as part of a bargain with an apparently authoritative and reliable public official—usually the prosecutor or, as here, the trial judge himself—whereby he is assured of receiving in return for his plea probation, a lenient sentence, or some other form of special consideration, the trial judge may not impose judgment contrary to the terms of such bargain without affording the defendant an opportunity to withdraw his guilty plea . . . .” The situation here is different in that it was the court’s act
 
 after judgment,
 
 not its sentence, which violated the bargain. However, the principle is the same: the prosecution having received its part of the bargain, petitioner may not be deprived of the benefit for which he bargained.
 

 The decision in
 
 People
 
 v.
 
 Allen
 
 (1975) 46 Cal.App.3d 583 [120 Cal.Rptr. 127], does not compel a different conclusion. There the bargain was for conditions of probation, which the trial court subsequently modified over objection by the prosecution. The
 
 Allen
 
 court found that the court’s discretion in modifying probation could not be abridged by a bargain which did not make explicit such abridgement.
 
 Allen
 
 is not controlling because probation, by statute and by its nature, is conditioned upon supervision by the trial court. A party’s assumptions about residual trial court control over probation would necessarily differ from a party’s assumption about the court’s remaining discretion to revoke a stay of execution.
 

 
 *186
 
 During the hearing at which petitioner’s plea was taken, the trial court advised petitioner that if “the" appeal is unsuccessful, there would be a sentence imposed.” The court then discussed petitioner’s conduct pending determination of the appeal, and advised petitioner that upon good behavior he might receive a lighter sentence than originally imposed. No advice was given concerning the effect bad behavior might have upon the stay of execution of his sentence.
 

 At the sentencing hearing, the court expressed concern that petitioner remain on the street, considering some of the statements in his probation report. The court concluded, however, that even if the plea were withdrawn and petitioner went to trial and was convicted, he probably would be released on bail pending appeal. For that reason, the court accepted the bargain. He again advised petitioner that bad conduct would prevent a modification of the sentence at the time of execution, and further noted that in the event of a further offense petitioner would also have the penalty flowing therefrom. However, the court failed to mention the possibility that a further offense would cause revocation of the stay.
 

 It is evident from the court’s comments and the silence of the parties that neither the prosecutor, the trial court, nor petitioner, interpreted the bargain as granting a conditional stay, revocable upon proof of bad conduct by petitioner. The trial court’s subsequent alteration of the agreement was improper and must be annulled.
 

 This conclusion is apparent, and the court sees no purpose to be served by issuing an alternative writ. The issues have been fully presented, and an alternative writ would only delay enforcement of petitioner’s plea bargain. We therefore issue a peremptory writ in the first instance (Code Civ. Proc., § 1088;
 
 San Diego Wholesale Credit Men’s Assn.
 
 v.
 
 Superior Court
 
 (1973) 35 Cal.App.3d 458 [110 Cal.Rptr. 657];
 
 Goodenough
 
 v.
 
 Superior Court
 
 (1971) 18 Cal.App.3d 692, 697 [96 CaLRptr. 165]).
 

 Let peremptory writ of mandate issue directing the Humboldt County Superior Court to set aside its order of April 4, 1979, revoking the stay of execution of the judgment entered against him in the case of
 
 People
 
 v.
 
 Byron McGray Stuart,
 
 case No. 8501.
 

 Scott, J., and Halvonik, J., concurred.