[No. D038113. Fourth Dist., Div. One. Jan. 23, 2002.]

THE PEOPLE, Plaintiff and Appellant, v.
ROBERTO BURGOS BORJA, Defendant and Respondent.

COUNSEL

Paul J. Pfingst, District Attorney, Thomas F. McArdle and Josephine A. Kiernan, Deputy District Attorneys, for Plaintiff and Appellant.

Christopher Blake, under appointment by the Court of Appeal, for Defendant and Respondent.

OPINION

**KREMER, P. J.**—The People appeal a nunc pro tunc order to June 1994 reducing the sentence imposed on Roberto Burgos Borja as a condition of probation from 365 to 364 days. The People contend the court acted in excess of jurisdiction because Borja's probation term had expired nearly two years earlier, there was no clerical mistake justifying a nunc pro tunc order, Borja did not raise grounds justifying the modification, and the order interfered with another order made a year earlier. We reverse.

FACTS

In May 1994 Borja was charged with driving under the influence, driving while having a measurable blood-alcohol level, and driving with a suspended license. Three prior driving-under-the-influence convictions were also alleged.[1] On May 20 Borja pleaded guilty before Judge Kaneshiro to driving under influence and admitted the three prior convictions. Borja acknowledged, "I understand that if I am not a citizen of the United States, a plea of Guilty or No Contest could result in deportation or exclusion from admission to this country, or denial of naturalization pursuant to the laws of the United States." In June 1994 the court sentenced Borja to the lower term of 16 months, execution of sentence suspended for five years, and granted probation conditioned, inter alia, on Borja serving 365 days in local custody.

On April 27, 2000, after Borja had served his 365 days and his probation term had expired, he, in propria persona, filed a motion to reduce his sentence from 365 to 364 days. He argued his plea was not knowing and voluntary because he was not fully advised by his counsel or the court of all possible immigration consequences. Borja complained that he was not advised of 1996 changes in the immigration laws that eliminated the Attorney General's power to grant waivers of deportation for a noncitizen who had suffered an aggravated felony, and was not advised of a 1998 decision by the Board of Immigration Appeals (*In re Magallanes* (Bd. Immigration App.

---

[1]The priors occurred in October 1989, May 1991, and September 1991.

1998) Interim Dec. 3341 [1998 WL 133301]), which characterized driving under the influence as an "aggravated felony" for purposes of the immigration laws. Borja argued that had he known of the immigration consequences (mandatory deportation), he would have negotiated a different sentence. He also argued that, had the court realized the consequences, it would have imposed a different sentence. Borja stated that he had been rehabilitated. Judge Kaneshiro denied the motion on May 10, 2000.

On May 1, 2001, Borja, through an attorney, refiled the same motion, with essentially identical arguments. Appended to the motion was Borja's declaration stating that he had been a legal permanent resident since 1987, had been sober since 1999, had four American-born children, and had been told by the United States Immigration and Naturalization Service (INS) that the only way to avoid deportation was to have his sentence reduced to 364 days. The People did not submit any written opposition.

At the hearing, held before Judge Szumowski, Borja did not present any additional argument. The People argued the court lacked jurisdiction to modify the sentence because Borja had served his time and probation had long since expired. The People argued the fact there was a potential immigration ramification as a collateral consequence of an old conviction did not give the court jurisdiction to modify the sentence. Judge Szumowski responded to the People's argument by stating, "Well that argument's been made before," and then proceeded to modify Borja's sentence to 364 days nunc pro tunc to the date of the original sentencing.

DISCUSSION

I

*People's Right to Appeal*

■ The People have a right to appeal "[a]n order made after judgment, affecting the substantial rights of the people." (Pen. Code, § 1238, subd. (a)(5).)[2] The People also have a right to appeal "[a]n order modifying the verdict or finding by . . . the punishment imposed . . . ." (§ 1238, subd. (a)(6).) The order here was one made after the judgment, which affected the substantial rights of the People since it reduced the sentence imposed. Further, as we explain in part II, *post*, the order was in excess of the court's jurisdiction.

Borja nonetheless contends section 1238, subdivision (d) bars the People from appealing the order. Section 1238, subdivision (d) prohibits the People

---

[2]All further statutory references are to the *Penal Code* unless otherwise specified.

from "appeal[ing] an order granting probation" and limits the People to filing a petition for a writ of mandate or prohibition. The limitation on People's appeals from *grants* of probation was enacted because of delays inherent in the appellate process and the concern a defendant might serve all or substantially all of his probation term before the appeal was heard. (See *People v. Douglas* (1999) 20 Cal.4th 85, 92-93 [82 Cal.Rptr.2d 816, 972 P.2d 151].) This subdivision has no application here; the People are not appealing a *grant* of probation; they are appealing an order made *after* the grant of probation that seeks to modify nunc pro tunc a probation term that has been fully served. (Cf. *id.* at pp. 91-95 [order reducing offense from felony to misdemeanor made after grant of probation].) Further, the concerns about appellate delays are absent when the defendant seeks modification of a probation that has been fully served.

We conclude the People had a right to appeal the court's order.

II

*Modification of Probation Term Nunc Pro Tunc*

■ Initially, we note that a nunc pro tunc order is generally limited to correcting clerical errors; " 'a nunc pro tunc order cannot declare that something was done which was not done.' " (*Johnson & Johnson v. Superior Court* (1985) 38 Cal.3d 243, 256 [211 Cal.Rptr. 517, 695 P.2d 1058].) This case does not involve a clerical order. Borja sought a retroactive change in his sentence in order to avoid the immigration consequences; he sought imposition of a sentence different from the one that had been intended, imposed and served.

Borja argued modification was justified on the basis that he had not been fully informed of all the immigration consequences of his guilty plea and because the one-day reduction in the local custody imposed would mean that his 1994 offense would no longer be considered an aggravated felony mandating deportation by the INS.

A criminal defendant must be informed there may be immigration consequences as a result of pleading guilty and is entitled to have the judgment vacated if he was not so informed and was prejudiced. (§ 1016.5, subds. (a), (b); *People v. Superior Court (Zamudio)* (2000) 23 Cal.4th 183, 191 [96 Cal.Rptr.2d 463, 999 P.2d 686].) Here, Borja was informed that his guilty plea could have immigration consequences, including deportation. Borja has raised no complaints about what he was told at the time he pleaded guilty. Rather, his complaints revolve around subsequent changes in the immigration laws. Obviously, neither the court nor his defense counsel had a duty to

divine these changes in the law. All that they could do and were expected to do was to inform Borja that his guilty plea could have immigration consequences, including possible deportation, in the future.

Further, Borja's argument is not directed at any problems in the state court involving his guilty plea. Rather, Borja's argument is addressed to changes in federal law. According to Borja's declaration, the INS did not seek to deport Borja at the time of his conviction, but only later initiated deportation proceedings that were pending at the time of his motion. At the time Borja pleaded guilty, the Attorney General had discretion to grant waivers of deportation and these waivers were often granted. (See *I.N.S. v. St. Cyr* (2001) 533 U.S. 289, 292-297 [121 S.Ct. 2271, 2275-2277, 150 L.Ed.2d 347].) In 1996 the immigration laws were changed, inter alia, eliminating the waiver provision and changing the definition of an aggravated felony meriting deportation from one where the individual was incarcerated for five years to one where the individual was incarcerated for one year or more. (*Id.* at p. 297-298 [121 S.Ct. at pp. 2277-2278].) Additionally, an aggravated felony has since been interpreted by some courts as including drunk-driving offenses. (See *In re Magallanes, supra,* Interim Dec. 3341 [1998 WL 133301]; *Bazan-Reyes v. I.N.S.* (7th Cir. 2001) 256 F.3d 600, 602, 607, holding drunk driving is not an aggravated felony and noting split in federal circuits on this issue.) Borja's justification for seeking a reduction in his sentence is that it would be unfair to retroactively apply these changes in the immigration laws to him. Whether the immigration law should be applied retroactively to persons who pleaded guilty before the effective dates of the changes is an argument that should be made to the federal, not the state, court.[3] The state court had no power to make that decision or to alter federal law. The fact that federal laws had changed was not a valid ground for altering the record of Borja's conviction and retroactively reducing his sentence.[4]

Additionally, we note that although there are provisions for allowing a person who has successfully completed a probationary term to withdraw his guilty plea, enter a plea of not guilty and have the information dismissed, the Legislature has made it clear that nonetheless the conviction may be used for

---

[3]While the appeal was pending, the United States Supreme Court held that the elimination of the Attorney General's discretion to grant waivers of deportation was not to be applied retroactively to persons who pleaded guilty before the effective date of the changes in the immigration law. (*I.N.S. v. St. Cyr, supra,* 533 U.S. 289 [121 S.Ct. 2271].) As a practical matter, Borja today is in the same position as he was when he pleaded guilty in 1994.

[4]The district attorney also argues that Judge Szumowski's order improperly interfered with another order of the Superior Court of San Diego County, which is Judge Kaneshiro's order of May 2000 denying the same motion. While we see some merit to this argument—i.e., that Judge Kaneshiro's ruling should have been binding on Judge Szumowski, particularly since Judge Kaneshiro was the judge who sentenced Borja in 1994—we do not further address this issue because it should have been, but was not, raised below.

future enhancement purposes. (§ 1203.4, subd. (a).) Federal courts have also held that such a prior conviction may be considered for immigration matters. (See *Brownrigg v. United States Immigration & Nat. Serv.* (9th Cir. 1966) 356 F.2d 877.) To permit a court, years after a person has pleaded guilty and the term has been served, to obtain a retroactive order altering the record in a manner so that the conviction could not be later used, violates that Legislature's clear intent and the rulings of the federal courts that prior convictions be available for future use, including, pursuant to the federal decisions, immigration consequences.

We conclude the court erred in issuing a nunc pro tunc order reducing Borja's sentence from 365 to 364 days.

## DISPOSITION

The order is reversed.

Benke, J., and Huffman, J., concurred.