51 Cal.Rptr.3d 736 (2006)
144 Cal.App.4th 200
The PEOPLE, Plaintiff and Respondent,
v.
Luis Gregorio SEGURA, Defendant and Appellant.
No. B189791.
Court of Appeal of California, Second District, Division Three.
October 26, 2006.
As Modified on Denial of Rehearing November 11, 2006.
Law Offices of Esperanza V. Bada, Esperanza V. Bada and Mark P. LaScola, under appointment by the Court of Appeal, for Defendant and Appellant.
Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Victoria B. Wilson and Steven D. Matthews, Deputy Attorneys General, for Plaintiff and Respondent.
*737 KLEIN, P.J.
Luis Gregorio Segura appeals the denial of his motion to reduce a 365 day jail term imposed as a condition of probation upon his conviction of one count of corporal injury to a spouse. (Pen.Code, § 273.5, subd. (a).)[1] The trial court denied the request based on its belief it lacked authority to modify the jail term because it had been imposed as part of a plea bargain. We conclude that under section 1203.3 a trial court enjoys continuing authority to modify the terms and conditions of probation, even over the People's objection and notwithstanding any plea agreement. Consequently, we remand to permit the trial court to reconsider Segura's motion.

BACKGROUND
On September 14, 2005, Segura entered into a plea bargain pursuant to which he pleaded no contest to one count of corporal injury to a spouse. (§ 273.5, subd. (a).) In exchange, the allegation of a prior conviction within the meaning of the Three Strikes law (§§ 667, subs, (b)-(i), 1170.12) was dismissed and the trial court granted Segura probation on condition he serve 365 days in the county jail. The waiver form executed by Segura in connection with the change of plea further indicated the current conviction would not be treated as a strike in the future. Before entry of the no contest plea, the prosecutor advised Segura: "Sir, if you're not a citizen of the United States, this plea will have the consequences of deportation, exclusion from admission and denial of naturalization." Segura answered yes when the prosecutor asked if Segura understood the possible consequences of the no contest plea.
Thereafter, on January 6, 2006, Segura filed an ex parte motion to reduce the jail term. The motion indicated the Department of Homeland Security (formerly the Immigration and Naturalization Service) had commenced deportation proceedings against Segura under Immigration and Nationality Act section 237(a)(2)(A)(iii), on the ground he had been convicted of an aggravated felony, which is defined as "a crime of violence ... for which the term of imprisonment [is] at least one year." (8 U.S.C. § 1101, subd. (a)(43)(F).) Segura averred he had been a lawful permanent resident of the United States for over 15 years, he owned a house and had a wife and three children. Segura requested a nunc pro tunc order or a writ of error coram nobis reducing the term imposed to 360 days. Segura noted that in a similar case, In re Oscar Cota-Vargas, 23 I. & N. Dec. 849, 2005 WL 3105750 (2005), the Board of Immigration Appeals held an order modifying an alien's criminal sentence nunc pro tunc must be credited by the Board as valid, regardless of the reason for the modification.
The People appeared and "strongly opposed" Segura's motion. The trial court indicated it was disinclined to grant the relief requested because the jail term had been part of a plea agreement. The prosecutor stated the People believed Segura had negotiated a favorable disposition in that a prior strike conviction suffered in 1990 had been dismissed. Also, Segura had other misdemeanor convictions and he had been identified as being involved in gang activity. The prosecutor concluded: "I think he got a good deal, and, you know, if it was something that would have been considered beforehand, maybe our office would have weighed it differently, but once we set a deal, I don't think we should be saying after the fact ... we're going to take [one or two days] off the deal."
*738 The trial court asked whether the case cited in Segura's motion, In re Cota-Vargas, supra, involved a plea bargain. Defense counsel indicated it did.
The trial court reiterated its concern that this case involved "a plea agreement. ... This is what everybody agreed to. They went through all the rights. He got a strike stricken. [He] got a heck of a deal. And 365 days was the sentence.... That's what everybody agreed to. That's why he got everything that he got because that was all part of the package. [¶] ... [¶] ... And now you're back and saying to me, well, you [have] the discretion to break the deal kind of a little bit here in order to change this aspect so that this doesn't happen. So why don't you kind of break the deal, just for us, so that we can do this?" When defense counsel objected that Segura did not realize the plea bargain would subject him to deportation, the trial court noted Segura specifically had been so advised at the time of plea.
Defense counsel then indicated the former practice of the Immigration and Naturalization Service had been to follow the recommendation of the trial court with respect to whether a felon should be deported. The trial court responded, "I'm sympathetic, but motion denied."

CONTENTIONS
Segura contends the record demonstrates the trial court failed to recognize it had discretion to make the requested modification over the prosecutor's objection and denial of the motion was an abuse of discretion.

DISCUSSION

1. It appears the trial court misunderstood the scope of its discretion to modify the terms and conditions of Segura's probation over the People's objection.

Segura contends the trial court's erroneously denied the motion to reduce the jail term on the ground that to do so would violate the plea bargain. Segura asserts the trial court failed to appreciate its discretion to modify a condition of probation, even in a plea bargain case where the modification is opposed by the People. (People v. Allen (1975) 46 Cal.App.3d 583, 589, 120 Cal.Rptr. 127 [implicit in any plea bargain that includes conditions of probation is the possibility that probation may later be modified, revoked, or terminated pursuant to section 1203.3].)
We agree. The trial court had discretion to alter the length of the jail term as a function of its ability to modify the terms of Segura's probation. (See § 1203.3.)[2] Because it appears the trial court misunderstood the scope of this authority in a plea bargain case, we remand for reconsideration *739 in light of section 1203.3.[3]
The People's argument to the contrary is not persuasive. They claim a trial court lacks authority to modify the plea bargain without the consent of both parties. (See People v. Superior Court (Gifford) (1997) 53 Cal.App.4th 1333, 1337-1338, 62 Cal. Rptr.2d 220 [trial court improperly modified plea bargain for three-year prison term by imposing a probationary sentence]; People v. Ames (1989) 213 Cal. App.3d 1214, 1217, 261 Cal.Rptr. 911 [trial court did not retain discretion to alter the terms of the agreement by dismissing the special circumstance which appellant admitted in return for the prosecution's agreement not to seek the death penalty].) The People assert the trial court could have withheld its approval of the plea bargain and permitted Segura to withdraw his plea. (§ 1192.5.) However, once the plea bargain was accepted by the trial court and both parties, it was enforceable as a contract. Thus, absent some extraordinary circumstance not present here, the trial court could not alter the terms of the plea agreement so as to be more favorable to Segura, unless the People agreed to the modification. (See People v. Superior Court (Gifford), supra, 53 Cal.App.4th at pp. 1337-1338, 62 Cal.Rptr.2d 220; People v. Ames, supra, 213 Cal.App.3d at p. 1217, 261 Cal.Rptr. 911.)
The cases cited by the People are distinguishable in that they involve situations in which the trial court modified or contemplated modification of a negotiated prison term. In this case, the plea bargain provided for a grant of probation. Such a grant is subject to the trial court's continuing inherent authority to modify the terms and conditions of probation. (People v. Allen, supra, 46 Cal.App.3d at pp. 588-590, 120 Cal.Rptr. 127; § 1203.3.)
The People also assert the trial court lacked authority to modify the jail term because Segura already had served it. Thus, any modification of the jail term necessarily would have to be effected nunc pro tunc. The People disparage the use of a nunc pro tunc order in the situation presented here, asserting the power to issue such an order is limited to "correcting] the record of a judgment...." (Estate of Eckstrom (1960) 54 Cal.2d 540, 544, 7 Cal.Rptr. 124, 354 P.2d 652.) They assert, "[I]t is not proper to amend an order nunc pro tunc to correct judicial inadvertence, omission, oversight or error, or to show what the court might or should have done as distinguished from what it actually did." (Hamilton v. Laine (1997) 57 Cal.App.4th 885, 891, 67 Cal.Rptr.2d 407.) The People specifically rely on People v. Borja (2002) 95 Cal.App.4th 481, 115 Cal.Rptr.2d 728, which held a jail term could not be modified nunc pro tunc from 365 days to 364 days in order to avoid deportation of the defendant.
The civil cases cited by the People cannot be squared with the trial court's authority to modify the terms of Segura's probation found in section 1203.3, which does not suggest its application is limited to correcting judicial inadvertence, omission, oversight or error.
Borja is more to the point but nonetheless is distinguishable. In Borja, the defendant pleaded guilty to driving under the influence and admitted three prior convictions. He was ordered to serve 365 days in jail as a condition of probation. Almost two years after probation expired, the defendant sought a one-day reduction of the jail term to avoid deportation based on changes in immigration law that occurred after his conviction. Following a hearing *740 on the motion, the trial court granted the request over the People's objection.
Borja reversed noting a nunc pro tunc order generally is limited to correcting clerical errors. Further, the defendant's complaint did not relate to misadvice regarding the immigration consequences at the time of the plea but subsequent changes in the law that neither defense counsel nor the trial court could have foreseen. Borja found changes in federal law did not provide a "valid ground for altering the record of [the defendant's] conviction and retroactively reducing his sentence." (People v. Borja, supra, 95 Cal.App.4th at p. 486, 115 Cal.Rptr.2d 728, fn. omitted.)
Borja also noted that although a conviction could be expunged under section 1203.4 following successful completion of probation, an expunged conviction nonetheless may be considered for immigration purposes. Borja concluded: "To permit a court, years after a person has pleaded guilty and the term has been served, to obtain a retroactive order altering the record in a manner so that the conviction could not be later used, violates the Legislature's clear intent and the rulings of the federal courts that prior convictions be available for future use, including pursuant to the federal decisions, immigration consequences." (People v. Borja, supra, 95 Cal.App.4th at p. 487, 115 Cal.Rptr.2d 728.)
Borja is distinguishable in that the defendant's probation in that case expired almost two years before the defendant requested modification of the jail term. Here, Segura remained on probation at the time of the request. Accordingly, the trial court had continuing authority to modify the terms and conditions of Segura's probation under section 1203.3. The fact Segura already had served the term, in our view, does not preclude the trial court's consideration of Segura's request.

2. The trial court's remarks do not suggest the same result necessarily would have obtained absent the error.

The People alternatively contend that, even if the trial court misunderstood the scope of its authority, its comments indicate it believed it would have been an improper exercise of its discretion to deprive the People of the benefit of their bargain by reducing the jail term. The trial court noted Segura specifically had been advised he would be deported as a result of this conviction and nothing in the record indicates the trial court abused its discretion in refusing to modify the jail term. Rather, the trial court's comments indicate it had found no change in circumstance that would warrant the requested modification. Instead, the trial court believed Segura had negotiated "a heck of a deal" and it would not be a sound exercise of the trial court's discretion to modify the jail term after Segura had been properly advised and "everybody agreed to" the plea bargain.
A fair reading of the trial court's comments during its consideration of Segura's motion indicates it placed great weight on the plea bargain. Although it was sympathetic to Segura's plight, it did not address the issue on the merits other than to state the requested modification would violate the plea bargain, which had been beneficial to Segura. Under these circumstances, it is appropriate to remand the matter to permit the trial court to consider Segura's request to modify the conditions of probation unfettered by its belief the plea bargain precluded the relief requested. (See People v. Rodriguez (1998) 17 Cal.4th 253, 257, 70 Cal.Rptr.2d 334, 949 P.2d 31; People v. Fuhrman (1997) 16 Cal.4th 930, 944, 67 Cal.Rptr.2d 1, 941 P.2d 1189.) However, we express *741 no opinion as to the manner in which the discretion is to be exercised.

DISPOSITION
The order is reversed and the matter remanded to the trial court for reconsideration in light of the views expressed herein.
CROSKEY and ALDRICH, JJ., concur.
NOTES
[1] Subsequent unspecified statutory references are to the Penal Code.
[2] Section 1203.3 provides, in pertinent part, "(a) The court shall have authority at any time during the term of probation to revoke, modify, or change its order of suspension of imposition or execution of sentence. The court may at any time when the ends of justice will be subserved thereby, and when the good conduct and reform of the person so held on probation shall warrant it, terminate the period of probation, and discharge the person so held. [¶] (b) The exercise of the court's authority in subdivision (a) to revoke, modify, change, or terminate probation is subject to the following: [¶] (1) Before any sentence or term or condition of probation is modified, a hearing shall be held in open court before the judge. The prosecuting attorney shall be given a two-day written notice and an opportunity to be heard on the matter. ... [¶] (A) If the sentence or term or condition of probation is modified pursuant to this section, the judge shall state the reasons for that modification on the record. [¶] (B) As used in this section, modification of sentence shall include reducing a felony to a misdemeanor."
[3] In fairness to the trial court, we note Segura failed to cite section 1203.3 in his moving papers and failed to give the People the notice that section requires.