[No. C059722. Third Dist. Aug. 20, 2009.]

THE PEOPLE, Plaintiff and Respondent, v.
ADAM JAMES TURRIN, Defendant and Appellant.

1202

**COUNSEL**

James L. Lozenski, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Michael P. Farrell, Assistant Attorney General, Charles A. French and Galen N. Farris, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**SIMS, Acting P. J.**—Defendant Adam James Turrin appeals from an order after judgment, denying his motion to modify restitution fines. Defendant's motion was filed some 10 months after judgment was entered, when he was serving his sentence in state prison. We shall conclude that the trial court did not have jurisdiction to entertain the motion and that defendant's appeal must be dismissed.

On September 21, 2007, the trial court imposed an aggregate state prison sentence of three years eight months for felony offenses occurring in 2006 and 2007 and ordered defendant to pay restitution fines (cases Nos. 06NCR03855 ($600), 07SCR03594 ($200) & 07NCR04587 ($200)) and parole revocation restitution fines in the same amounts, suspended unless parole is revoked (Pen. Code, §§ 1202.4, subd. (b), 1202.45; undesignated section references are to the Penal Code). The minute order of September 21, 2007, remands defendant to the custody of the sheriff "forthwith" and orders that he "be delivered to the reception center designated by the director of the California Department of Corrections." The record does not reflect that defendant appealed from the sentence imposed.

Some 10 months later, on July 22, 2008, defendant, in propria persona and serving his sentence at California State Prison (Solano), filed a motion to modify the restitution fines. Defendant argued that there was insufficient evidence that he had the ability to pay the fines from his earnings while incarcerated and that the trial court "could not have justifiably, albeit tacitly, assumed that a prisoner would be able to pay the fine from earnings from employment after his release."[1] In a letter attached to his motion, defendant asked that the fines be reduced to a combined total of $300, an amount he claims he is able to pay, so parole may be transferred to another state when he is released from state prison.

On July 25, 2008, the trial court reviewed defendant's motion for modification and denied the same without prejudice. Defendant, in propria persona,

---

[1] In his motion, defendant misplaced his reliance upon section 1260 which provides: "The court may reverse, affirm, or modify a judgment or order appealed from, or reduce the degree of the offense or attempted offense or the punishment imposed, and may set aside, affirm, or modify any or all of the proceedings subsequent to, or dependent upon, such judgment or order, and may, if proper, order a new trial and may, if proper, remand the cause to the trial court for such further proceedings as may be just under the circumstances." Section 1260 refers to the reviewing court's power, not the trial court's power. (See *People v. Moore* (2006) 39 Cal.4th 168, 176–177 [45 Cal.Rptr.3d 784, 137 P.3d 959].)

filed a notice of appeal from the trial court's order of July 25, 2008, denying his motion to modify the sentence.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071].) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

We requested supplemental briefing on the following two issues: "1. Did the trial court have jurisdiction to rule on defendant's motion on the merits? [¶] 2. If not, should the appeal be dismissed?"

In response, defense appellate counsel submitted a supplemental letter brief. He later requested to withdraw his supplemental brief and to submit on his *Wende* brief. We granted his request and ordered defendant's supplemental letter brief stricken.

In their supplemental brief, the People argue that the trial court did not have jurisdiction to rule on defendant's motion on the merits and that the appeal should be dismissed. We agree.

*Jurisdiction*

██ "[G]enerally a trial court lacks jurisdiction to resentence a criminal defendant after execution of sentence has begun. [Citation.]" (*People v. Howard* (1997) 16 Cal.4th 1081, 1089 [68 Cal.Rptr.2d 870, 946 P.2d 828]; see *People v. Karaman* (1992) 4 Cal.4th 335, 344, 347, 350, 352 [14 Cal.Rptr.2d 801, 842 P.2d 100] [court retains power to modify a sentence "at any time prior to execution of the sentence"]; *Dix v. Superior Court* (1991) 53 Cal.3d 442, 455 [279 Cal.Rptr. 834, 807 P.2d 1063] (*Dix*); *Portillo v. Superior Court* (1992) 10 Cal.App.4th 1829, 1834–1835 [13 Cal.Rptr.2d 709].) There are few exceptions to the rule.

Section 1170, subdivision (d), provides, in relevant part, that a trial court may recall the sentence on its own motion within 120 days after committing a defendant to prison. (*Dix, supra*, 53 Cal.3d at pp. 456, 464; *People v. Alanis* (2008) 158 Cal.App.4th 1467, 1475–1476 [71 Cal.Rptr.3d 139].) Section 1170, subdivision (d), does not authorize a defendant to file a motion to recall the

sentence. (*People v. Pritchett* (1993) 20 Cal.App.4th 190, 193 [24 Cal.Rptr.2d 391].)

A trial court may correct a clerical error, but not a judicial error, at any time. A clerical error is one that is made in recording the judgment; a judicial error is one that is made in rendering the judgment. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185 [109 Cal.Rptr.2d 303, 26 P.3d 1040]; *In re Candelario* (1970) 3 Cal.3d 702, 705 [91 Cal.Rptr. 497, 477 P.2d 729]; see *People v. Borja* (2002) 95 Cal.App.4th 481, 483–485 [115 Cal.Rptr.2d 728].)

Also, an unauthorized sentence may be corrected at any time. (*People v. Scott* (1994) 9 Cal.4th 331, 354–355 [36 Cal.Rptr.2d 627, 885 P.2d 1040]; *People v. Crooks* (1997) 55 Cal.App.4th 797, 811 [64 Cal.Rptr.2d 236].) "The unauthorized sentence exception is 'a narrow exception' to the waiver doctrine that normally applies where the sentence 'could not lawfully be imposed under any circumstance in the particular case,' for example, 'where the court violates mandatory provisions governing the length of confinement.' [Citations.] The class of nonwaivable claims includes 'obvious legal errors at sentencing that are correctable without referring to factual findings in the record or remanding for further findings.' " (*People v. Brach* (2002) 95 Cal.App.4th 571, 578 [115 Cal.Rptr.2d 753].) *People v. Smith* (2001) 24 Cal.4th 849 [102 Cal.Rptr.2d 731, 14 P.3d 942] explained, "We deemed appellate intervention appropriate in these cases because the errors presented 'pure questions of law' [citation], and were ' "clear and correctable" independent of any factual issues presented by the record at sentencing.' " (*Id.* at p. 852.) For example, a sentencing court's computational error resulting in an unauthorized sentence can be corrected at any time. (*People v. Guillen* (1994) 25 Cal.App.4th 756, 764 [31 Cal.Rptr.2d 653].) An unauthorized sentence because of an error in restitution must be vacated and the proper sentence imposed whenever the matter is brought to the attention of the trial or reviewing court. (*People v. Zito* (1992) 8 Cal.App.4th 736, 740–742 [10 Cal.Rptr.2d 491] [restitution for $300,000 violated ex post facto prohibition to the extent victim restitution and the restitution fine exceeded $10,000 maximum set by pre-1990 law and would constitute an unauthorized sentence].)

Here, defendant was sentenced to state prison on September 21, 2007. Although the record does not show precisely when execution of defendant's sentence began, we know he was serving his sentence in state prison when he filed his motion to modify on July 22, 2008. Execution of defendant's sentence had therefore begun. Defendant sought modification or a reduction in the amount of restitution fines, claiming there was insufficient evidence of

his ability to pay the fines from his earnings while incarcerated or from earnings from employment after release. However, the trial court had lost jurisdiction; none of the exceptions applies. The court did not recall the sentence on its own motion and had no statutory authority to do so since section 1170, subdivision (d), requires the trial court to act within 120 days. Defendant did not seek correction of clerical error but instead he claimed judicial error.

Defendant's motion included the statement that the "imposition of an unauthorized [Government Code] section 13967 fine constitutes an unauthorized sentence and jurisdictional error" and is thus "reviewable despite the absence of an objection below." The restitution fines in defendant's cases were not imposed pursuant to Government Code former section 13967; instead, the restitution fines were imposed pursuant to section 1202.4, subdivision (b).[2] In connection with defendant's aggregate state prison sentence of three years eight months for three felony offenses committed in 2006 and

---

[2] At the time of defendant's offenses in 2006 and 2007, section 1202.4 provided, in relevant part, as follows:

"(b) In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so, and states those reasons on the record.

"(1) The restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense, but shall not be less than two hundred dollars ($200), and not more than ten thousand dollars ($10,000), if the person is convicted of a felony, and shall not be less than one hundred dollars ($100), and not more than one thousand dollars ($1,000), if the person is convicted of a misdemeanor.

"(2) In setting a felony restitution fine, the court may determine the amount of the fine as the product of two hundred dollars ($200) multiplied by the number of years of imprisonment the defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is convicted.

"(c) The court shall impose the restitution fine unless it finds compelling and extraordinary reasons for not doing so, and states those reasons on the record. A defendant's inability to pay shall not be considered a compelling and extraordinary reason not to impose a restitution fine. Inability to pay may be considered only in increasing the amount of the restitution fine in excess of the two hundred-dollar ($200) or one hundred-dollar ($100) minimum. The court may specify that funds confiscated at the time of the defendant's arrest, except for funds confiscated pursuant to Section 11469 of the Health and Safety Code, be applied to the restitution fine if the funds are not exempt for spousal or child support or subject to any other legal exemption.

"(d) In setting the amount of the fine pursuant to subdivision (b) in excess of the two hundred-dollar ($200) or one hundred-dollar ($100) minimum, the court shall consider any relevant factors including, but not limited to, the defendant's inability to pay, the seriousness and gravity of the offense and the circumstances of its commission, any economic gain derived by the defendant as a result of the crime, the extent to which any other person suffered any losses as a result of the crime, and the number of victims involved in the crime. Those losses may include pecuniary losses to the victim or his or her dependents as well as intangible losses, such as psychological harm caused by the crime. Consideration of a defendant's inability to pay may include his or her future earning capacity. A defendant shall bear the burden of demonstrating his or her inability to pay. Express findings by the court as to the

2007, the court ordered defendant to pay restitution fines totaling $1,000, that is, $600 in case No. 06NCR03855, $200 in case No. 07SCR03594, and $200 in case No. 07NCR04587 (§ 1202.4, subd. (b)), and parole revocation restitution fines in the same amounts, suspended unless parole is revoked (§ 1202.45). Defendant's reliance upon inapposite old law to support his claim of an unauthorized sentence is misplaced.

■ A defendant may not contest the amount, specificity, or propriety of an authorized order of a restitution fine for the first time on appeal (*People v. Crittle* (2007) 154 Cal.App.4th 368, 371 [64 Cal.Rptr.3d 605]; *People v. Gibson* (1994) 27 Cal.App.4th 1466, 1468–1469 [33 Cal.Rptr.2d 217]) let alone in a motion to modify the same in the trial court after it has lost jurisdiction. Defendant is contesting the amount and propriety of an authorized order of a restitution fine. Section 1202.4, subdivision (b), authorized the amounts imposed here. And defendant's motion raised a factual question about his ability to pay, not a pure question of law. The unauthorized-sentence exception to loss of jurisdiction does not apply here.

■ Although section 1202.42 confers continuing jurisdiction to modify an order for *victim* restitution, *the same does not apply to a restitution fine.* Section 1202.42 states that "[u]pon entry of a restitution order" under, inter alia, section 1202.4, subdivision (a)(3), which refers to both a restitution fine (§ 1202.4, subd. (a)(3)(A)) and victim restitution (§ 1202.4, subd. (a)(3)(B)), the court shall enter a separate order for income deduction. Section 1202.42, subdivision (d), provides that "[t]he income deduction order shall be effective so long as the order for restitution upon which it is based is effective *or until further order of the court.*" (Italics added.) As we shall explain, the language "restitution order" in section 1202.42, subdivision (a), means victim restitution, not a restitution fine.

Section 1202.42 must be read as a whole and in context, including provisions relating to the same subject matter. (*Nahrstedt v. Lakeside Village Condominium Assn.* (1994) 8 Cal.4th 361, 378–379 [33 Cal.Rptr.2d 63, 878 P.2d 1275]; *Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299]; *People v. Andrade* (2002) 100 Cal.App.4th 351, 356 [121 Cal.Rptr.2d 923]; *People v. Oganesyan* (1999) 70 Cal.App.4th 1178, 1182–1183 [83 Cal.Rptr.2d 157].) A review of various statutes concerning restitution indicates that the Legislature has consistently used a "restitution order" to refer to victim restitution, not to a restitution fine.

factors bearing on the amount of the fine shall not be required. A separate hearing for the fine shall not be required." (Stats. 2005, ch. 238, § 1, ch. 240, § 10.5.)

Thus, section 1202.4, subdivision (i), states that "[a] *restitution order* imposed pursuant to subdivision (f) shall be enforceable as if the order were a civil judgment." (Italics added.) Section 1202.4, subdivision (f), applies to restitution to the victim.

Similarly, section 1202.46 provides that a court retains jurisdiction to impose or modify victim restitution and further states: "Nothing in this section shall be construed as prohibiting a victim, the district attorney, or a court on its own motion from requesting correction, at any time, of a sentence when the sentence is invalid due to the omission of a *restitution order or fine* without a finding of compelling and extraordinary reasons pursuant to Section 1202.4." (Italics added.) Section 1202.46 thus distinguishes between a restitution order (victim restitution) and a restitution fine.[3] In a similar vein, section 1214 relating to the enforcement of a judgment for restitution distinguishes between a judgment for a restitution fine (§ 1214, subd. (a)) and a "restitution order" (§ 1214, subd. (b)).

In light of these provisions relating to the same subject matter, a "restitution order" for purposes of section 1202.42 means victim restitution, not a restitution fine.

■ The foregoing establishes that section 1202.42 confers continuing jurisdiction with respect to victim restitution. Here, defendant was not ordered to pay victim restitution. He was ordered to pay restitution fines. The trial court had lost jurisdiction to modify defendant's restitution fines.

*Dismissal of the appeal*

■ Section 1237, subdivision (b), provides that a defendant may appeal "[f]rom any order made after judgment, affecting the substantial rights of the party." Since the trial court lacked jurisdiction to modify the restitution fines, its order denying defendant's motion requesting the same did not affect his substantial rights and is not an appealable postjudgment order. (*People v. Chlad* (1992) 6 Cal.App.4th 1719, 1725–1726 [8 Cal.Rptr.2d 610].) The appeal should be dismissed. (*Id.* at p. 1727.)

---

[3] *People v. Tillman* (2000) 22 Cal.4th 300 [92 Cal.Rptr.2d 741, 992 P.2d 1109], decided on February 24, 2000, after the effective date of section 1202.46 (Jan. 1, 2000), held that a prosecutor's failure to object to the trial court's omission of a restitution fine without stating reasons forfeited the issue on appeal. *Tillman* is still good law and has not been legislatively overruled. Thus, section 1202.46 does not allow correction of a judgment for a restitution fine where its omission has been forfeited. (But see *People v. Zackery* (2007) 147 Cal.App.4th 380, 388–389 [54 Cal.Rptr.3d 198].) *People v. Moreno* (2003) 108 Cal.App.4th 1 [132 Cal.Rptr.2d 918] discussed the application of section 1202.46 to victim restitution.

## DISPOSITION

The appeal is dismissed.

Nicholson, J., and Cantil-Sakauye, J., concurred.