Filed 9/17/20  P. v. Adams CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B296145 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA146073) |
| v. | |
| PAUL ADAMS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Joseph R. Porras, Judge.  Affirmed.

Christine M. Aros, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Roberta L. Davis, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

Sentenced to nine years in state prison pursuant to a negotiated plea agreement, Paul Adams appeals the trial court's denial of his motion requesting the court to recall his sentence and exercise its discretion under Senate Bill No. 1393 (Stats. 2018, ch. 1013) to strike the serious felony enhancement imposed pursuant to Penal Code[1] section 667, subdivision (a)(1). Because Adams's judgment was final prior to the effective date of Senate Bill No. 1393, we conclude the trial court lacked jurisdiction to grant the motion for resentencing. We also reject Adams's personally filed claim that the court erred by failing to recall the sentence pursuant to section 1170, subdivision (d)(1), and his assertion of judicial misconduct. We affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2017 Adams was charged with first degree burglary with a person present (§ 459), three counts of obtaining money by false pretenses (§ 532, subd. (a)), and three counts of theft from an elder or dependent adult (§ 368, subd. (d)). In conjunction with the burglary charge, the information alleged Adams had suffered three prior serious felony convictions for the purposes of section 667, subdivision (a)(1). It also alleged Adams had suffered three prior strike convictions within the meaning of the "Three Strikes" law (§§ 667, subds. (b)-(j), 1170.12, subds. (a)-(d)).

On May 3, 2018, Adams entered into a negotiated plea agreement. Adams agreed to plead no contest to first degree burglary and to admit one prior strike offense and one prior conviction within the meaning of section 667, subdivision (a)(1).

---

[1] All further undesignated statutory references are to the Penal Code.

In exchange, the allegation that a person was present during the burglary would be stricken, and Adams would be sentenced to a total of nine years in state prison: the low term sentence of two years for the burglary, doubled under the Three Strikes law, plus a consecutive five-year enhancement under section 667, subdivision (a)(1). The trial court accepted the plea agreement and orally imposed the agreed-upon sentence.

The minute order from the sentencing hearing and the abstract of judgment did not fully reflect the judgment as pronounced. The minute order did not mention the resolution of the person present allegation. The abstract of judgment incorrectly listed Adams's offense as "1st Degree Burglary, person present" and described the offense as a violent felony.

On November 21, 2018, Adams filed an informal request asking the trial court to correct these errors and other perceived inaccuracies in the abstract of judgment. That day, the trial court corrected the May 3, 2018 minute order nunc pro tunc to state that Adams had not admitted a person was present at the time of the burglary. The court also ordered the clerk to prepare a corrected abstract of judgment omitting the person present language. The amended abstract of judgment, filed December 5, 2018, no longer stated a person had been present during the burglary and did not describe the offense as a violent felony.

Senate Bill No. 1393 took effect on January 1, 2019. (Stats. 2018, ch. 1013.) On January 15, 2019, Adams filed a motion in which he asked the trial court to recall his sentence and strike the five-year enhancement under section 667, subdivision (a)(1) pursuant to the new law. The court denied the motion on January 25, 2019. Adams appealed.

We appointed counsel to represent Adams on appeal. After examining the record, counsel filed an opening brief raising no issues and asking this court to review the record independently as required by *People v. Wende* (1979) 25 Cal.3d 436. On July 1, 2019, we advised Adams he had 30 days within which to personally submit any contentions or issues he wished us to consider. On July 12, 2019, Adams filed a supplemental brief raising issues for us to consider on his behalf. He contended the trial court's November 2018 nunc pro tunc order constituted a resentencing, meaning the judgment was not yet final when Senate Bill No. 1393 became operative on January 1, 2019, and the court was statutorily authorized to recall the sentence under section 1170, subdivision (d)(1). Adams also alleged the trial court engaged in misconduct by correcting the records of the sentence by means of a nunc pro tunc order rather than by acknowledging the request Adams had filed; by "suppressing" Adams's motion to correct his sentence; and by failing to state reasons for its denial of the timely motion to recall the sentence.[2]

We asked the parties to submit briefing on two questions: was Adams entitled to a remand for the limited purpose of allowing the trial court to exercise its discretion whether to strike the five-year felony enhancement under section 667, subdivision (a)(1) in light of Senate Bill No. 1393; and if so, was he required to obtain a certificate of probable cause? Adams's counsel submitted a brief contending Adams was entitled to a remand so the trial court could determine whether or not to strike the prior

---

[2]     Separately, Adams filed a petition for writ of habeas corpus in propria persona on October 9, 2019 (Case No. B301327). The petition will be decided by separate order.

felony enhancement, and no certificate of probable cause was necessary. In their brief, the People argued Adams was not eligible for Senate Bill No. 1393 resentencing and the order challenged on appeal was not appealable.

## DISCUSSION

I.     **Finality of the Judgment**

Effective January 1, 2019, Senate Bill No. 1393 amended section 667, subdivision (a) and section 1385, subdivision (b) to grant trial courts discretion to strike or dismiss a prior serious felony conviction allegation for the purpose of the formerly mandatory five-year enhancement set forth in section 667, subdivision (a)(1). (Stats. 2018, ch. 1013, §§ 1–2.) This newly granted sentencing discretion may be exercised as to any defendant whose conviction is not final as of the effective date of the amendment. (*People v. Stamps* (2020) 9 Cal.5th 685, 698–699 (*Stamps*); *In re Estrada* (1965) 63 Cal.2d 740, 742-748.)

The judgment in this case was entered on May 3, 2018, when Adams was convicted and sentenced. (*People v. Karaman* (1992) 4 Cal.4th 335, 344, fn. 9 ["In a criminal case, judgment is rendered when the trial court orally pronounces sentence"]; *People v. Scott* (2012) 203 Cal.App.4th 1303, 1324.) It does not appear from the record that Adams obtained a certificate of probable cause or appealed his conviction. Accordingly, his conviction became final 60 days later, on July 2, 2018. (Cal. Rules of Court, rule 8.308(a); *People v. Buycks* (2018) 5 Cal.5th 857, 876, fn. 5 ["A judgment becomes final when the availability of an appeal and the time for filing a petition for certiorari with the United States Supreme Court have expired"]; *People v. Alexander* (2020) 45 Cal.App.5th 341, 344–345 (*Alexander*).)

Adams is therefore ineligible for resentencing under Senate Bill No. 1393. (*Alexander*, at p. 345.)

Adams argues the court's nunc pro tunc order of November 21, 2018, "amended the judgment," meaning his conviction was not final until January 20, 2019. But the court's nunc pro tunc order did not amend the judgment; it corrected the record of the judgment so it reflected the true facts of the judgment originally rendered. " 'The function of a nunc pro tunc order is merely to correct the record of the judgment and not to alter the judgment actually rendered—not to make an order now for then, but to enter now for then an order previously made.' " (*Estate of Eckstrom* (1960) 54 Cal.2d 540, 544, italics omitted; *In re Candelario* (1970) 3 Cal.3d 702, 705 [court has inherent power to correct clerical errors in its records but may not, "under the guise of correcting clerical error, . . . 'revise its deliberately exercised judicial discretion' "].) Accordingly, a nunc pro tunc order cannot be used to modify a sentence from that which was intended and imposed by the sentencing court. (*People v. Borja* (2002) 95 Cal.App.4th 481, 485.)

A nunc pro tunc order is effective as of the date of the order it corrects. (*Sannmann v. Department of Justice* (2020) 47 Cal.App.5th 676, 683; 7 Witkin, Cal. Procedure (5th ed. 2008) Judgment, § 63.p. 598.) Neither the court's correction of clerical error in an abstract of judgment nor the amendment of an abstract of judgment alters the judgment's finality. (*People v. Humphrey* (2020) 44 Cal.App.5th 371, 379–380.) Accordingly, Adams's judgment became final in July 2018; that finality was not disturbed by the November 2018 nunc pro tunc order; and he was not eligible for resentencing pursuant to Senate Bill No. 1393.

Section 1237, subdivision (b) authorizes a defendant to appeal "[f]rom any order made after judgment, affecting the substantial rights of the party." Because the court lacked jurisdiction to grant Adams's January 2019 motion for resentencing, its order denying his motion did not affect his substantial rights and is not an appealable postjudgment order. (*Alexander*, *supra*, 45 Cal.App.5th at p. 345.)[3]

II.    **Remaining Issues**

As noted, Adams personally filed a supplemental brief advising us of issues he wished us to consider. We have addressed the question of his eligibility for resentencing under Senate Bill No. 1393. Our conclusion that the November 2018 nunc pro tunc order did not amend the judgment or constitute a resentencing is also fatal to Adams's contention that as of January 2019 the trial court had jurisdiction to recall his sentence under section 1170, subdivision (d)(1) on its own motion. While section 1170, subdivision (d)(1) permits the trial court to recall a sentence on its own motion within 120 days of commitment, more than 120 days had elapsed since Adams's May 2018 commitment by the time he filed his motion in January 2019. At that time the court no longer possessed jurisdiction to

_____

[3]    Our conclusion that Adams is not entitled to a remand for resentencing under Senate Bill No. 1393 makes it unnecessary to address whether a certificate of probable cause was required. We note this question has been resolved recently by the California Supreme Court. (*Stamps*, *supra*, 9 Cal.5th at pp. 694–698 [no certificate of probable cause required when seeking a remand for resentencing under Senate Bill No. 1393].)

7

recall Adams's sentence on its own motion under section 1170, subdivision (d)(1).

Adams's allegations of judicial misconduct ascribe improper motives to the trial court in connection with its orders correcting the records from the sentencing hearing and denying the motion for resentencing. As the above discussion demonstrates, the court properly entered a nunc pro tunc order to ensure the minute order and abstract of judgment accurately reflected the sentencing proceedings, and it also correctly denied the motion for resentencing because it lacked jurisdiction to grant the requested relief. Adams has not established any misconduct.

## DISPOSITION

The order is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

STRATTON, J.

We concur:

BIGELOW, P. J.

WILEY, J.

8