Filed 4/4/24  P. v. Ortis CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOHN ETHELDRED ORTIS,<br><br>    Defendant and Appellant. | B330200<br><br>(Los Angeles County<br>Super. Ct. No. BA385309) |

APPEAL from an order of the Superior Court of Los Angeles County, Eleanor J. Hunter, Judge.  Affirmed.

Sally Patrone, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Nicholas J. Webster and Yun K. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

In 2013, John Ortis pleaded nolo contendere to kidnapping (Pen. Code,[1] § 207, subd. (a); counts 1 & 2), robbery (§ 211; count 8), and false imprisonment by violence (§ 236; count 9). Ortis admitted firearm enhancements under section 12022.53, subdivision (b), as to counts 1, 2, and 8, and under section 12022.5, subdivision (a), as to count 9. In 2014, the trial court sentenced Ortis on count 1 to eight years plus 10 years for the firearm enhancement; on count 2, to one year eight months plus 40 months for the firearm enhancement; on count 8, to one year; and on count 9, to eight months plus 16 months for the firearm enhancement. According to the minute order, all firearm enhancements were imposed "pursuant to section 12022.53(B)." The abstract of judgment similarly reflected that all firearm enhancements were imposed under section 12022.53, subdivision (b). The trial court also awarded Ortis 1,219 days of custody credits consisting of actual and conduct credits.

In September 2017, the Department of Corrections and Rehabilitation informed the trial court that the abstract of judgment and minute order incorrectly reflected that the firearm enhancement attached to count 9 was imposed under section 12022.53, subdivision (b), when in fact it was imposed under section 12022.5, subdivision (a). Accordingly, on September 25, 2017, the trial court corrected the minute order nunc pro tunc to note that the firearm enhancement in count 9 was imposed under section 12022.5, subdivision (a). The trial court did not award Ortis additional days of custody credits.

Then, in February 2023, Ortis petitioned to correct his sentencing credits. He argued that the 2017 correction constituted a resentencing or a modification to his sentence such

---

[1]     All further statutory references are to the Penal Code.

2

that he was entitled to a recalculation of custody credits from the date he was originally sentenced in 2014 to the date the trial court issued the nunc pro tunc order on September 25, 2017. On March 20, 2023, the trial court issued an order denying the petition "for lack of establishing there was an error."

On appeal, Ortis maintains he is entitled to additional custody credits under section 2900.1 because the September 25, 2017 nunc pro tunc order modified his sentence. Section 2900.1 provides that where a defendant is serving a sentence under a judgment that is later declared invalid or modified during the term of imprisonment, "such time shall be credited upon any subsequent sentence he may receive upon a new commitment" for the same crime or crimes. Further, when a defendant's sentence is modified on remand, the defendant is entitled to credit for all actual days in custody up to that time. (*People v. Buckhalter* (2001) 26 Cal.4th 20, 37.)

The September 25, 2017 nunc pro tunc order clarifying that the enhancement was imposed under section 12022.5, subdivision (a), did not modify Ortis's sentence within the meaning of section 2900.1 or *Buckhalter*. What happened that day was neither a modification to Ortis's sentence nor occurred pursuant to a remand. Rather, as to count 9, the information alleged only a section 12022.5, subdivision (a), enhancement, and the minute order of Ortis's plea states that he admitted "enhancements pursuant to Penal Code sections 12022.53(B) and 12022.5(A)."[2] Therefore, Ortis could have admitted only an enhancement under section 12022.5, subdivision (a), as to count 9 and been sentenced only on that enhancement as to that count. The Department of

---

[2]     The record does not contain the reporter's transcript of the plea hearing.

3

Corrections and Rehabilitation accordingly informed the trial court of the clerical error.  Thus, the Department's letter, and not a remand, prompted the nunc pro tunc order.

And all the nunc pro tunc order did was correct a clerical or typographical error by recording what actually occurred but was incorrectly recorded.  (See generally *Sannmann v. Department of Justice* (2020) 47 Cal.App.5th 676, 683 [courts have authority to correct clerical, not judicial errors, nunc pro tunc]; *People v. Borja* (2002) 95 Cal.App.4th 481, 485 [nunc pro tunc order generally limited to correcting clerical errors].)  The order made no substantive modification to Ortis's sentence, and he therefore is not entitled to additional custody credits.

## DISPOSITION

The order denying the petition to correct custody credits is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

LAVIN, J.

EGERTON, J.

4