Filed 5/17/24  P. v. Rodriguez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C098626 |
| Plaintiff and Respondent, | (Super. Ct. No. 11F08115) |
| v. | |
| ANGEL MICHAEL RODRIGUEZ, | |
| Defendant and Appellant. | |

Defendant appeals from his sentence imposed on remand after this court dismissed a strike and five-year sentence enhancement based on his 1990 second degree robbery conviction from Oregon.  (*In re Rodriguez* (July 9, 2020, C088356) [nonpub. opn.].)[1]

---

[1] Defendant filed a request for this court to take judicial notice of the appellate record from his direct appeal and two petitions for writ of habeas corpus:  *People v. Rodriguez* (Jan. 23, 2015, C074676) [nonpub. opn.], *In re Rodriguez* (order to show cause issued Jan. 5, 2018, C084234), and *In re Rodriguez, supra,* C088356.  We treated the request for

The trial court interpreted our remittitur as directing it to resentence defendant without the 1990 prior conviction, which left multiple prior convictions found true that qualified as strikes under the three strikes law (Pen. Code, §§ 667, subd. (b)-(i), 1170.12),[2] as well as two serious felonies subject to five-year enhancements (§ 667, subd. (a)). Accordingly, the court resentenced defendant to 25 years to life in state prison under the three strikes law, plus 10 years for the remaining enhancements.

Defendant contends the trial court was required to conduct a full resentencing, including consideration of his motion to dismiss other prior convictions. We conclude the court correctly read the remittitur and our opinion in *In re Rodriguez* as limiting the scope of resentencing.

However, we agree with the parties that the minute order and abstract of judgment generated after the resentencing hearing incorrectly referred to the modified sentence as "nunc pro tunc" from the original judgment. We will direct correction of the minute order and abstract.

In addition, the trial court failed to calculate and award defendant actual custody credit for time served prior to resentencing; this requires a limited remand for recalculation of credits. We will otherwise affirm the judgment.

PROCEDURAL BACKGROUND

In 2013, defendant was charged with one count of second degree robbery (§ 211) and four prior Oregon state convictions and one federal conviction were alleged as strikes under the three strikes law and prior serious felonies under section 667, subdivision (a).[3]

judicial notice as a motion to incorporate the record, which we granted on October 26, 2023.

[2] Undesignated statutory references are to the Penal Code.

[3] The extensive history of this case is taken from our opinion in *In re Rodriguez, supra*, C088356. We omit a recitation of the underlying facts of defendant's crime, which are not relevant to this appeal.

(*In re Rodriguez, supra,* C088356.) At sentencing, the trial court declined to strike any of defendant's prior convictions and sentenced him to 25 years to life under the three strikes law plus an additional 15 years, consisting of three five-year terms for prior serious felony convictions. On direct appeal, a different panel of this court found that a 1980 second degree robbery conviction from Oregon could not be used to increase defendant's sentence, modified the judgment accordingly, and otherwise affirmed the judgment. (*Ibid.*)

Defendant filed a petition for writ of habeas corpus in the trial court in 2016 and in this court in 2017 challenging the use of the prior convictions to increase the length of his sentence. (*In re Rodriguez, supra,* C088356.) Defendant cited authority, including the United States Supreme Court's decision in *Descamps v. United States* (2013) 570 U.S. 254, concerning the materials in the record of a prior conviction that may be considered in establishing the elements of the conviction. This court issued an order to show cause returnable in the superior court emphasizing that defendant had made a prima facie case of error at least as to his 1990 second degree robbery conviction from Oregon. The superior court denied the petition in October 2018 without an evidentiary hearing, concluding that the petition failed because defendant had not raised ineffective assistance of counsel. (*In re Rodriguez, supra*, C088356.)

In November 2018, defendant filed another petition for writ of habeas corpus in this court. (*In re Rodriguez, supra,* C088356.) We issued an order to show cause returnable in this court, emphasizing that we were providing the Attorney General with the opportunity to identify and provide the documentation from defendant's direct appeal sufficient under *Descamps* to show that defendant's 1990 conviction in Oregon qualified to increase defendant's sentence. The Attorney General failed to provide any such documentation. (*Ibid.*)

Accordingly, a different panel of this court issued an unpublished decision holding that defendant's 1990 conviction from Oregon failed to qualify as a serious felony based

3

on the record of that conviction.  (*In re Rodriguez, supra,* C088356.)  The panel concluded that *Descamps*, as well as subsequent California case law culminating in the California Supreme Court's decision in *People v Gallardo* (2017) 4 Cal.5th 120, held that the right to a jury trial is violated if a sentencing court increases punishment by factfinding that goes beyond identifying the prior conviction and attempts to discern what the trial or plea proceeding showed about the defendant's underlying conduct.  (*In re Rodriguez, supra*, C088356.)

The panel further concluded that defendant's claim was cognizable as a claim of ineffective assistance of counsel (*In re Rodriguez, supra,* C088356) and rejected the Attorney General's argument that defendant's earlier petition did not adequately state a claim of ineffective assistance of counsel, as well as that procedural default rules favoring timely presentation of claims in a single petition barred relief in the current petition.  The court added that, even if it considered the petition barred for lack of diligence, defendant would still be entitled to relief if a " 'fundamental miscarriage of justice were shown.' " (*Ibid.*)

The panel concluded:  "Although the current case involves the limited question of a sentence enhancement, we are persuaded it would represent a fundamental miscarriage of justice to allow that enhancement to stand.  To put it in plain terms, petitioner should not be subject to a sentence enhancement that could not lawfully be imposed under any circumstances based on the record of the Oregon prior conviction at issue.  [¶]  The Attorney General otherwise concedes that if petitioner is entitled to relief, 'the proper remedy is to strike the five-year prior serious felony conviction and have appellant be resentenced.'  We accept the Attorney General's concession as to the remedy."  (*In re Rodriguez, supra*, C088356.)

In the disposition of the case, the panel directed the trial court "to strike the enhancements[4] imposed based upon petitioner's October 19, 1990, Oregon second degree robbery conviction and to set the matter for resentencing." (*In re Rodriguez, supra*, C088356.)

On September 10, 2020, we issued the remittitur in *In re Rodriguez, supra,* C088356.

On December 7, 2020, defendant filed a pro se motion to set a resentencing hearing. At the same time, he filed a motion to strike the remaining Oregon state prior

---

**4** Although the opinion refers to "enhancements," the three strikes law is not an enhancement, but rather an alternative sentencing scheme. (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 527 [the three strikes law "articulates an alternative sentencing scheme for the current offense rather than an enhancement"]; *People v. Burke* (2023) 89 Cal.App.5th 237, 243.) This reference caused some confusion at the sentencing hearing where the trial court said: "The very last line of the opinion refers to this Court to strike the, quote, enhancements, plural, which is probably a typographical error . . . ." The opinion in *In re Rodriguez* states that defendant "complains that a 1990 second degree robbery conviction from Oregon does not qualify as a serious felony, and consequently, does not *constitute a strike under the three strikes law* or warrant a five-year enhancement pursuant to Penal Code section 667, subdivision (a)." (*In re Rodriguez, supra*, C088356, italics added.) In addition, the second amended information alleged that the 1990 conviction was a serious felony under section 667, subdivision (a) and that the prior conviction comes within the three strikes law. Lastly, in granting defendant's habeas petition, this court dismissed "the 'strike' and the five-year enhancement imposed for that prior conviction and remand[ed] for resentencing." (*In re Rodriguez, supra*, C088356.) Thus, the intent was both to strike the strike and dismiss the prior serious felony enhancement. The confusion at the sentencing hearing was resolved when the trial court agreed with the People's explanation that the "overall spirit of the opinion is saying that prior in its entirety does not count as a prior strike" and "because there was a five-year prior attached" to that conviction "[defendant is] entitled to have that five-year prior wiped off his sentence at this resentencing hearing." Accordingly, the trial court resentenced defendant without counting the 1990 conviction as a strike (which did not change the 25-year-to-life sentence since three prior strike convictions remained) or as a serious felony under the five-year prior enhancement (which reduced the determinate term from 15 years to 10 years, which was in effect the only change to defendant's sentence).

convictions and the federal conviction. As to these prior convictions, defendant argued the elements of robbery in Oregon and California do not match. He further argued that, under *Descamps* and *Gallardo*, in pleading guilty to the Oregon prior convictions, he admitted only the elements of first degree robbery in Oregon. He contended that, under *Romero*, the remaining Oregon state and federal prior convictions should be dismissed for the same reason the 1990 prior conviction from Oregon was dismissed in *In re Rodriguez, supra,* C088356. Although defendant acknowledged that the insufficiency of the remaining prior conviction allegations was currently before another judge (Judge Chang) of the superior court on a new petition for writ of habeas corpus, he argued that, in the interest of judicial economy, the sentencing court should grant his motion under *Romero*.

On December 17, 2020, the trial court conducted a resentencing hearing in response to the remittitur. Defendant initially objected to representation by legal counsel who had previously represented him, but eventually consented. Defense counsel stated that he was ready to proceed on the remittitur but understood that defendant had also filed a motion under *Romero* to dismiss the remaining prior convictions, which was also in front of Judge Chang. The court responded, and defense counsel agreed, that the remittitur and the matter remanded for resentencing was "narrow." The court said: "The Third District Court of Appeal did not direct this Court or invite this Court to consider collateral motions or any further relief. It merely directed this Court to strike the October 19, 1990, prior conviction and resentence accordingly, which I'm prepared to do this morning."

While defense counsel agreed with this statement by the trial court, when the parties discussed whether a supplemental probation report was needed, counsel asked, "Is the Court unwilling to consider the sentencing in the entirety? Then we would need another probation report. If the Court is planning to go with the remittitur as suggested by the court, then we don't need a probation report." The court responded: "That's what I said to you earlier. The jurisdiction and the direction that was passed back to this Court

6

was limited, not an invitation to consider other collateral requests for relief. I do not believe we need a supplemental probation report, nor that one is required by law." Defense counsel agreed: "I don't believe one is required by law. I believe that the Court can simply subtract the five-year prior with that limited order that is presented with the remittitur without the need for a probation report."

The trial court struck the prior conviction from October 19, 1990, and sentenced defendant to an indeterminate term of 25 years to life in state prison and a determinate term of 10 years, rather than 15 years previously imposed.

Defendant voiced on his own behalf that he was "still at odds with a couple things, Your Honor." The trial court explained: "[A]s I've said more than one time, and if you read the court of appeal's opinion closely, all they told me and directed me to do is strike the one conviction. I understand your memoranda. I understand what you're saying to me today. And maybe Judge Chang will grant you relief, but that's not properly before me here this morning." Defendant proceeded pro se to argue the merits of his motion under *Romero* and the People responded with argument in opposition. Asked to comment by the trial court, defense counsel stated, "the Court's decision here is limited to the issues on remittitur appeal and you speak not to any of the things that are in front of Judge Chang at a future date." The court asked for the People's input; the prosecutor responded that "there's been a lot of piecemeal litigation here, unfortunately with respect to what he's doing, but there's an active habeas petition regarding exactly what he's asking for here."

Addressing defense counsel, the trial court said, "I do technically have Mr. Rodriguez's motion for resentencing; not only following the third district's opinion and issuance of remittitur, but I have Mr. Rodriguez's motion to strike the State of Oregon's priors number 3, 4, and federal Oregon prior number 1, and then he asks for Romero relief."

7

Addressing defendant directly, the trial court said, "Mr. Rodriguez, listen carefully. I am going to deny that motion. However, I'm going to deny it without prejudice, meaning that depending on what Judge Chang does, because apparently you have a lot of the same arguments in a matter that's pending before Judge Chang, depending on what Judge Chang does, I'm denying your motion here without prejudice, and if you and your counsel or you in pro per see fit to bring it back to me, file another piece of paper, and I'll reconsider it. But I'm not doing that today."

The court added: "Basically, depending on what Judge Chang does, because you can't basically go to this judge and that judge, but you do have this motion properly before me today, and I do have to say something about it. [¶] And I can just flat-out deny it, but I'm not going to do that. I'm going to say it's denied today without prejudice because you have another petition for habeas corpus relief before another judge here in my court, Judge Chang, and I have no idea what she's going to do. She might give you what you want, or not, and I'll consider your motion if you still want me to."

Defendant filed a timely notice of appeal. Due to an inadvertent delay by the superior court in transmitting the notice of appeal, this court did not receive it until May 18, 2023. We granted defendant's motion for calendar preference.

DISCUSSION

I

*Defendant's Motion Under* Romero

Defendant contends the trial court erred in declining to take up his motion to strike under *Romero* until Judge Chang had ruled on defendant's petition for writ of habeas corpus covering the same claims. He argues the court "misunderstood it possessed the only available discretion to hear appellant's resentencing motion." Defendant also asserts the court abused its discretion, "in that the trial court properly had jurisdiction over the matter and failed to apply its discretion to determine the motion on the merits." We disagree.

8

"The order of the reviewing court is contained in its remittitur, which defines the scope of the jurisdiction of the court to which the matter is returned." (*Griset v. Fair Political Practices Com* (2001) 25 Cal.4th 688, 701; accord, *Snukal v. Flightways Manufacturing, Inc.* (2000) 23 Cal.4th 754, 774, fn. 5.) "The appellate court's order reflected in the remittitur ' " 'is decisive of the character of the judgment to which the appellant is entitled.' " [Citation.] On remand, the lower court may act only within these express jurisdictional limits.' " (*People v. Mitchell* (2023) 97 Cal.App.5th 1127, 1140, quoting *People v. Lewis* (2004) 33 Cal.4th 214, 228.) " 'In other words, the remittitur ' "defines the scope of the jurisdiction of the court to which the matter is returned," 'and the trial court ' "is empowered to act only in accordance with the direction of the reviewing court." ' " (*Mitchell,* at p. 1140, quoting *Ayyad v. Sprint Spectrum, L.P.* (2012) 210 Cal.App.4th 851, 859 (*Ayyad*); see also *People v. Dutra* (2006) 145 Cal.App.4th 1359, 1366 [on remand, "the trial court is revested with jurisdiction of the case, *but only to carry out the judgment as ordered by the appellate court*"].)

"The issues the trial court may address in the remand proceedings are therefore limited to those specified in the reviewing court's directions, and if the reviewing court does not direct the trial court to take a particular action or make a particular determination, the trial court is not authorized to do so." (*Ayyad, supra*, 210 Cal.App.4th at pp. 859-860.) "[W]hen an appellate court remands a matter with directions governing the proceedings on remand, 'those directions are binding on the trial court and *must* be followed. Any material variance from the directions is unauthorized and void.' " (*Id.* at p. 860.)

The trial court must read the appellate court's directions "in conjunction with the opinion as a whole." (*Ayyad, supra,* 210 Cal.App.4th at p. 859.) "If a remittitur is *ambiguous* the trial court can interpret it in light of the law and the appellate opinion to determine its duties." (*People v. Dutra, supra*, 145 Cal.App.4th at p. 1368; *Combs v. Haddock* (1962) 209 Cal.App.2d 627, 631 ["The interpretation of a remittitur requires

9

that the court's opinion be consulted, especially in case of ambiguity [citations], and that meaning given to it which harmonizes with the court's ruling"].) "Where the directions to the trial court are ambiguous, they are interpreted in accordance with the views, reasoning, and holdings expressed in the opinion as a whole." (*In re Justin S.* (2007) 150 Cal.App.4th 1426, 1435.)

"Whether the trial court correctly interpreted our opinion is an issue of law subject to de novo review." (*Ayyad, supra,* 210 Cal.App.4th at p. 859; see also *Ducoing Management, Inc. v. Superior Court* (2015) 234 Cal.App.4th 306, 313.)

This court's disposition in *In re Rodriguez*, *supra*, C088356 directed the trial court to "strike the enhancements" based on defendant's 1990 conviction in Oregon "and to set the matter for resentencing." The panel described the outcome in the first paragraph of the opinion: "[W]e shall dismiss the 'strike' and the five-year enhancement imposed for that prior conviction and remand for resentencing." (*Ibid.*) To the extent that the disposition did not expressly state that resentencing was limited to dismissing the strike and enhancement based on the 1990 prior conviction from Oregon, the only issue decided in *In re Rodriguez*, the opinion compels that interpretation. (*In re Justin S., supra*, 150 Cal.App.4th at p. 1435; *Ducoing Management, Inc. v. Superior Court, supra*, 234 Cal.App.4th at p. 313.)

The panel also signaled this interpretation in its discussion that the rule against successive habeas petitions did not preclude relief where a fundamental miscarriage of justice is shown. The opinion acknowledged that "the current case involves the *limited* question of a sentence enhancement," which nonetheless "would represent a fundamental miscarriage of justice to allow that enhancement to stand." (*In re Rodriguez, supra,* C088356, italics added.) It concluded that defendant "*should not be subject to a sentence enhancement* that could not lawfully be imposed under any circumstances based on the record of the Oregon prior conviction at issue." (*Ibid.*, italics added.) Defendant challenged *all* his prior convictions in the petition for writ of habeas corpus filed in this

court, but the panel singled out the 1990 second degree robbery conviction in its opinion as the sole conviction for which defendant had made a prima facie case. Thus, the intent of the opinion was to provide defendant relief from a sentence increased by the one prior conviction this court concluded did not qualify as a serious felony under California law. The direction to "set the matter for resentencing" was limited to effectuating that relief. (*Ibid*.)

The transcript of the sentencing hearing shows that the trial court and counsel for the parties clearly understood that the court's jurisdiction on remand was limited to resentencing without the 1990 prior conviction serving to increase defendant's punishment. Defense counsel said, "The court of appeals made a very clear ruling. When I read the ruling, I thought it was as plain as day." As mentioned, the trial court said, "[t]he Third District Court of Appeal did not direct this Court or invite this Court to consider collateral motions or any other further relief. It merely directed this Court to strike the October 19, 1990, prior conviction and resentence accordingly . . . ." In addressing whether a supplemental probation report might be required, defense counsel said, "I believe that the Court can simply subtract the five-year prior with that limited order that is presented with the remittitur without a need for a probation report." The prosecutor indicated: "Because prior conviction number 2 was alleged as a strike prior, the cumulative effect, the sum total of the effect, is really only to knock off the five-year 667(a) prior off his determinate portion of his sentence." In short, the court and all counsel did not see the remittitur as an opportunity to expand resentencing on remand beyond dismissing the 1990 strike and enhancement and deleting the associated punishment from defendant's sentence.

Defendant's claim that the trial court should have considered his motion to strike the remaining prior convictions is based on the "full resentencing rule." In *People v. Buycks* (2018) 5 Cal.5th 857, our Supreme Court held that "when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is

11

appropriate, so that the trial court can exercise its sentencing discretion in light of the changed circumstances.' " (*Id.* at p. 893; *People v. Valenzuela* (2019) 7 Cal.5th 415, 424-425 ["the full resentencing rule allows a court to revisit all prior sentencing decisions when resentencing a defendant"]; see also *People v. Garner* (2016) 244 Cal.App.4th 1113, 1118; *People v. Hubbard* (2018) 27 Cal.App.5th 9, 13.) Defendant argues that, based on *Buycks*, "[t]he trial court correctly held the matter [of defendant's prior strike convictions] was properly before it."

On reply, however, defendant acknowledges that, *People v. Walker* (2021) 67 Cal.App.5th 198, noted as an exception to the full resentencing rule, "[i]f the appellate court's order upon remand requires correction as to one part of the sentence but the remand order limits the scope of resentencing, the trial court must adhere to the limits set forth in the remand order." (*Id.* at p. 205.) Defendant asserts "[t]here are no terms of limitation in the *Rodriguez* remand order." We disagree. As discussed, when read in the context of the entire opinion, the remittitur limited resentencing to the strike and enhancement based on the 1990 Oregon state prior conviction for second degree robbery.

Accordingly, the trial court properly limited resentencing to shortening the determinate term to 10 years by removing the five-year enhancement based on the 1990 prior conviction. Because the trial court correctly interpreted the remittitur, we need not address defendant's contention that the trial court erred in declining to rule on defendant's motion to strike until Judge Chang had ruled on defendant's habeas petition.

II

*Nunc Pro Tunc Order*

The parties agree, as do we, that the minute order and abstract of judgment declaring the judgment from the December 17, 2020, hearing "nunc pro tunc" from the original judgment did not reflect the judgment the trial court orally announced at the sentencing hearing.

12

The minute order from the December 17, 2020, states, "The Court re-imposed the sentence:  Nunc pro tunc to 08/02/13 to strike prior #2 (1990) of 5 years PC667(a) from the determinate abstract."  The determinate abstract of judgment dated December 17, 2020, has the words "Nunc pro tunc [to] 8/2/2013" handwritten on it.  The trial court, however, did not use the words "nunc pro tunc" in imposing sentence.

"Rendition of the judgment is normally an oral pronouncement, and the abstract of judgment cannot add to, or modify, the judgment, but only purports to digest and summarize it."  (*People v. Zackery* (2007) 147 Cal.App.4th 380, 389.)

Further, a nunc pro tunc order is limited to correcting clerical errors.  (*People v. Borja* (2002) 95 Cal.App.4th 481, 485.)  A nunc pro tunc order cannot be used to alter the judgment actually rendered.  (*Estrada v. Public Employees' Retirement System* (2023) 95 Cal.App.5th 870, 884; see also *In re Candelario* (1970) 3 Cal.3d 702, 705.)

The clerk's minutes from December 17, 2020, must be corrected to delete any "nunc pro tunc" reference and a new abstract of judgment must be prepared and filed also deleting any "nunc pro tunc" reference.  (*People v. Zackery, supra*, 147 Cal.App.4th at pp. 393-394.)

III

*Custody Credits*

Defendant notes that he is entitled to credit for all days in actual custody up to the time of a resentencing hearing.  (See *People v. Buckhalter* (2001) 26 Cal.4th 20, 37 ["the trial court, having modified defendant's sentence on remand, was obliged, in its new abstract of judgment, to credit him with all *actual* days he had spent in custody, whether in jail or prison up, to that time"]; *People v. Garner, supra*, 244 Cal.App.4th at p. 1118 ["judgment must include a custody credit award that includes time spent in prison prior to the resentencing hearing leading to this appeal"].)  While our remand in this case was limited to striking the 1990 prior conviction and modifying the sentence accordingly, the trial court was required to recalculate and award defendant actual custody credit up to

13

December 17, 2020.  Instead, the court stated that "[a]ll other fines and fees and credits previously imposed shall remain the same."  Thus, while defendant has been in prison for more than 10 years, the determinate abstract of judgment dated December 17, 2020, awarded no custody credits and the August 2, 2013, determinate term abstract awarded only 606 actual custody credits.  Therefore, we will remand to the trial court for the limited purpose of updating defendant's credits to reflect all days in actual custody up to December 17, 2020.

DISPOSITION

This case is remanded to the superior court for the limited purpose of calculating defendant's actual custody credits up to December 17, 2020, and preparing corrected minutes and a corrected abstract of judgment as directed by this opinion.  The judgment is otherwise affirmed.


                                          /s/
                                  Duarte, Acting P. J.


We concur:


      /s/
Mesiwala, J.


      /s/
Wiseman, J.*

_____

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.